IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **CHRIS C. WOOD, D/B/A CCW ELECTRIC** | **PLAINTIFF/COUNTER-DEFENDANT** |
| vs. | CIVIL ACTION No.: 3:22-CV-607-HTW-LGI |
| **STUART C. IRBY CO., INC.** | **DEFENDANT/COUNTER-PLAINTIFF** |

**ORDER**

This Court held a status conference in the above-captioned matter on August 14, 2024. This Court heard from counsel for Plaintiff and Counter-Defendant Chris C. Wood, d/b/a CCW Electric ("Plaintiff") and Defendant and Counter- plaintiff Stuart C. Irby Co., Inc. ("Defendant") on several motions and, having considered the arguments, papers, and positions of the parties, made several rulings from the bench, for reasons stated at the status conference, as well as herein.

The Court heard from the parties regarding [Docket 135], a joint motion to extend the time for the parties to submit a proposed joint pretrial order (PJPO). Defendant filed this motion on February 8, 2024, the due date of the PJPO, seeking an additional two hours to submit a PJPO. Later that day, Plaintiff and Defendant each submitted their PJPOs to this Court by email, citing a breakdown in negotiations. The next day, this Court held a pretrial conference with the parties and ordered the parties to submit a PJPO on March 1, 2024. Subsequently, on February 29, 2024, Plaintiff filed [Docket 142], an unopposed motion to extend time for the parties to submit the PJPO. This Court granted [Docket 142] and ordered the parties to submit their PJPO by March 4, 2024. On March 4, 2024, Defendant submitted the parties' PJPO by email. Because the parties ultimately submitted their PJPO pursuant to this Court's prior order, this Court retroactively grants [Docket 135].

Next, this Court heard from the parties regarding [Docket 74], a motion by Plaintiff to amend his motion for partial summary judgment. Plaintiff previously had submitted [Docket 71], an overlong cover pleading, in his motion for partial summary judgment, which contained substantive argument and was not in compliance with the local rules. *See* L.U. Civ. R. 7(b)(2)(B). Plaintiff sought to replace it with a three-page cover pleading purportedly in compliance with the local rules, attaching his proposed amended motion at [Docket 74-1] and averring that it "does not make any substantive[,] or otherwise material[,] changes to Plaintiff's original Motion or Memorandum." Plaintiff's counsel again promised at oral argument that Plaintiff does not seek to replace or amend his substantive positions, nor his memorandum of points and authorities, and stated that the improper original filing was inadvertent.

Defendant opposed, claiming that substantive changes to the motion indeed existed that would cause prejudice, among other things, by requiring the parties to undergo new, late-stage briefing. Further, since Defendant already had filed Defendant's opposition to the motion for partial summary judgment, Defendant apparently opined that the company would be prejudiced by allowing amended briefing where Plaintiff had had the benefit of seeing Defendant's initial response. After hearing from the parties, and in consideration of the moving papers, this Court did not identify any such substantive changes that would require further briefing from the parties.[1]

---

[1] For example, Defendant claims that Plaintiff intends to abandon Plaintiff's previous claim for "partial summary judgment in the amount of a minimum amount of $16,702.99 and up to $42,052.99 which represents the value of the surplus gear and materials," [Docket 71] at 21, in favor of a new claim for "a declaration of Irby's liability to Wood for Irby's failure to issue credit to Wood for in excess of $16,000 worth of surplus electrical gear and material," [Docket 74-1].

Defendant complains that such a change deprives Defendant of its argument that the original wide range of damage values impacts the credibility of Plaintiff's competence to testify to damages. Plaintiff, however, *still* explicitly seeks "partial summary judgment in the amount of a minimum amount of $16,702.99 and up to $42,052.99[,] which represents the value of the surplus gear and materials." [Docket 74-1] at 3. Further, Defendant could still attack changes over time in

This Court, thus, does not find that Defendant would be unduly prejudiced by permitting amendment. This Court grants [Docket 74]. If Defendant believes Defendant requires additional briefing due to particular changes made by this amendment, Defendant promptly may raise these concerns with this Court.

The Court also heard argument on two motions to strike, which point in opposite directions. First, in [Docket 73], Plaintiff moves to "strike all portions of Defendant's Motion for Summary Judgment which rely upon" a certain defense exhibit that purports to be 2021 "terms and conditions" applicable to the dealings between Plaintiff and Defendant. [Docket 73] at 2. Plaintiff claims that these terms and conditions post-date the relevant transactions and, therefore, are "inapplicable and unenforceable." Plaintiff requests "a declaration that [an earlier terms and conditions document be deemed] applicable." *Id.* In opposition, Defendant claims, among other things, that Plaintiff has not adequately supported his motion, that Plaintiff relies on evidence not disclosed during discovery, and that his motion is improper. [Docket 83].

Then, in [Docket 140], Defendant moves to strike Plaintiff's "Response, Supporting Memorandum, and Declaration [ECF Nos. 127, 128, and 127-1] in their entirety," [Docket 141] at 9 (although at oral argument Defendant's counsel seemed to narrow the motion to striking the declaration itself). Specifically, Defendant claims that these documents were untimely, that the declaration has numerous deficiencies, including conclusory and incompetent testimony, and that the motion papers raise "claims and defenses" that Plaintiff should have, but did not, include in his

---

Plaintiff's testimony as to the amount of damages, for example, during cross-examination at a proceeding.

Defendant also complains that Plaintiff has added a position that Irby "accepted" surplus electrical gear and material that Wood returned to Irby in the proposed amended motion. [Docket 74-1] at 1. Plaintiff already argued that Irby employees "accepted return of the items" in his previously filed memorandum. [Docket 72] at 6. This does not present an unfair surprise position for which Defendant needs additional briefing to respond.

pleadings. [Docket 140]. In response, Plaintiff argues that much of the evidence in the declaration is competent, that Defendant's motion is improper, and that the untimeliness (the response was submitted into the morning hours of the day after the due date) was caused by counsel's illness and that counsel had to respond to twelve different of Defendant's motions by the due date. [Docket 150].

Ultimately, even assuming these motions to strike are proper weapons to levy against the other side's evidence, courts in this Circuit disfavor granting motions to strike absent strong prejudice to the moving party.[2] Here, this Court finds that the parties will not be greatly prejudiced by this Court denying their motions to strike. The parties dispute the value, weight, and propriety of their respective evidence. Additionally, questions of admissibility and applicable law remain. The parties' objections are noted. Further, the parties will have the opportunity to test and object to the evidence at issue as it is presented at subsequent proceedings or trial. This Court, thus, denies both [Docket 73] and [Docket 140].

This Court heard argument on [Docket 153], Plaintiff's motion to supplement his papers with a newer opinion of the Mississippi Supreme Court that purportedly sheds light on issues briefed in this matter: *Tommy Brooks Oil Co. v. Jerry Wilburn & Wilburn Oil Co.*, No. 2022-CA-00551-SCT (Miss. March 21, 2024), *mot. for rehearing filed March 29, 2024, and pending*). Defendant never responded to this motion on the docket. Defendant's counsel seemed to voice opposition to this motion at oral argument, but failed to point out any particularized prejudice or legal reason why this motion should be denied. This Court will consider this supplemental case

---

[2] *See, e.g.*, *HCB Fin. Corp. v. Adkinson*, No. 1:10-CV-559-HSO-JMR, 2013 WL 12090331, at *4 (S.D. Miss. Feb. 7, 2013) (quoting *Olowo-Ake v. Emergency Medical Services Corporation*, No. 3:12-CV-227, 2012 WL 2921842, at *2 (S.D. Miss. July 17, 2012)) ("[T]he cases in the Southern District of Mississippi, and the Fifth Circuit, recognize the general rule that 'courts should attempt to resolve disputes on the merits[,] rather [than] by motions to strike.'").

law to the extent it is relevant to the resolution of the issues in this case. This Court grants [Docket 153] and will allow Defendant to submit to this Court a concise follow-up regarding its position on *Tommy Brooks Oil Company*, if Defendant deems it necessary. This Court does not want a treatise—particularly given Plaintiff's restraint of keeping his motion to two pages.

This Court will continue to take up the pending motions in this matter in due course. This Court would encourage counsel for the parties to endeavor to work collaboratively—and compromise where appropriate—to work towards resolving this matter.

**IT IS ORDERED** that:

1. [Docket 73], MOTION to Strike [Docket 70] Memorandum in Support of Motion, [Docket 69] MOTION for Summary Judgment is **DENIED**;

2. [Docket 74], MOTION for Leave to File Amended Motion for Summary Judgment is **GRANTED**;

3. [Docket 135], Joint MOTION to Extend Deadline to Submit Joint Pretrial Order is **RETROACTIVELY GRANTED**;

4. [Docket 140], MOTION to Strike [Docket 127] Response in Opposition to Motion, [Docket 128] Memorandum in Opposition to Motion is **DENIED**; and

5. [Docket 153], MOTION to Supplement is **GRANTED**.

**SO ORDERED** this the   21st   day of   August  , 2024.

/s/ HENRY T. WINGATE
**UNITED STATES DISTRICT COURT JUDGE**